IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEROME HUTCHINS<br><br>Plaintiff,<br><br>v.<br><br>BIBB COUNTY SCHOOL SYSTEM,<br><br>Defendant. | Civil Action No.:<br><br>5:13-CV-72 |

**DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR AN EXTENSION**

COMES NOW the Bibb County Board School District, Defendant in the above-styled action, and files this Brief in Opposition to Plaintiff's Second Motion for Summary Judgment or in the Alternative for an Extension, showing this Court the following:

### I.   PROCEDURAL HISTORY

On March 1, 2013, Plaintiff filed this *pro se* employment discrimination action against Defendant. (Doc. 1.) The Complaint alleged that Defendant racially discriminated against Plaintiff in violation of his rights under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. (Doc. 1 at 4-5.) Defendant filed its Answer on March 27, 2013. (Doc. 4.)

On August 28, 2013, Plaintiff filed his first Motion for Summary Judgment. (Doc. 9.) On October 1, 2013, the Court entered an Order dismissing Plaintiff's Motion without prejudice because it failed to comply with Federal Rule of Civil Procedure 56 or Local Rule 7.1 for the Middle District of Georgia (Doc. 12). The Court included a copy of the Middle District's Local Rules and noted that "the deadline for filing a *proper* motion for summary judgment is November 8, 2013." (Doc. 12) (emphasis added).

On November 8, 2013, Plaintiff filed his Second Motion for Summary Judgment, and in the alternative, Plaintiff requested an extension of the filing deadline so that he could obtain counsel. (Doc. 13). As with Plaintiff's first Motion for Summary Judgment, Plaintiff asserts that the "evidence [he] submitted . . . proves that the defendant Bibb County School System was absolutely wrong for terminating [his] employment with the school system that was based off of racial discrimination." (Doc. 13.) Plaintiff again requests equitable relief and an award of $1 million in punitive damages, as well as costs. (Doc. 13.)

In his second Motion for Summary Judgment, Plaintiff seeks to be excused from compliance with the applicable procedural requirements due to his inability to secure counsel. (Doc. 13.) Plaintiff concedes that he has asked "many" lawyers to represent him, but to no avail. (Doc. 13.) Plaintiff requests "an extension to allow for an appointed lawyer by the Federal courts to represent [him] to allow for the

procedure necessary to request this Motion for Summary Judgment if [the Court] can't disregard [his] unskilled Pro Se stand in [its] decision making." (Doc. 13.)

## II. ARGUMENT AND CITATION OF AUTHORITY

It is well established that *pro se* pleadings are liberally construed because they are held to less rigorous pleading standards than those drafted by attorneys. Miller v. Donald, 541 F.3d 1091, 1100 (11th Cir. 2008). However, the Federal Rules of Civil Procedure "are based on the assumption that litigation is normally conducted by lawyers." McNeil v. U.S., 508 U.S. 106, 113 (1980). Liberal construction does not mean that procedural rules are relaxed "so as to excuse mistakes by those who proceed without counsel." Id. "[E]xperience teaches that strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of law." Id.; Wayne v. Jarvis, 197 F.3d 1098, 1104 (11th Cir. 1999) (refusing to excuse a *pro se* litigant's failure to comply with procedural requirements), *overruled on other grounds,* Manders v. Lee, 338 F.3d 1304, 1328 n.52 (11th Cir. 2003).

As with Plaintiff's First Motion for Summary Judgment, Plaintiff's Second Motion for Summary Judgment, or in the Alternative for an Extension, should be dismissed in its entirety because it fails to comply with Rule 56, Local Rule 7.1, as well as Court Order. Accordingly, the Court should dismiss Plaintiff's Second

Motion for Summary Judgment because of its demonstrable—and admitted—failure to comply with fundamental procedural requirements.

### A. Plaintiff's Motion for Summary Judgment Should Be Denied Because it Fails to Comply with Rule 56, Local Rule 7.1, and Court Order

To prevail on a motion for summary judgment, the movant must show "that there is no genuine dispute as to any material fact and [that] the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56 (a); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). Under Rule 56 (c)(1), "[a] party asserting that a fact cannot be . . . disputed must support the assertion by . . . citing to particular parts of the materials in the record. . . ." Furthermore, unless the Court instructs otherwise, "every motion filed in a civil proceeding must be accompanied by a memorandum of law citing supporting authorities." M.D. Ga. Local Rule 7.1. Where a motion includes allegations of fact, it "must be supported by a statement of facts." Id.

Plaintiff's Second Motion for Summary Judgment fails to: (1) include any statement of facts; (2) cite to any part of the evidentiary record in support of those facts; or (3) include a memorandum of supporting law. (See generally Doc. 13.) In short, Plaintiff has provided absolutely no basis in law or fact for his claim to $1 million dollars.

Plaintiff's non-conformity cannot be excused by his *pro se* status and certainly not for some indefinite period of time while he continues in vain to retain

4

an attorney, especially where the factual and legal issues are relatively straightforward and this Court has provided Plaintiff with a copy of the Middle District's Local Rules. (Doc. 13). Plaintiff's second Motion is no more than a request to be exempted from the applicable rules and, therefore, should be denied.

### B. Plaintiff Has Failed to Show Good Cause for an Indefinite Extension of Time to Secure Counsel

While a trial court has discretion to permit extensions of time, the party requesting the extension should—at a minimum—show good cause as to why the extension is warranted. Fed. R. Civ. P. 6 (b)(1); see Young v. City of Palm Bay, 358 F.3d 859, 863 (11th Cir. 2004). Plaintiff's Motion for an Extension should be denied insofar as appears to be a request for an indefinite extension of time until Plaintiff is able to secure legal counsel.[1] Despite his best efforts to the contrary, Plaintiff has been unable to secure counsel in the more than nine months that this litigation has been pending before this Court. There is no reason to believe that Plaintiff will have more success over the course of the next nine months or more, especially given that the request comes after the close of discovery and while Defendant's own Motion for Summary Judgment is pending.

---

[1] Defendant is mindful of Local Rule 6.2 and does not intend to suggest that good cause is required for routine extensions of relatively short duration.

5

### C. Plaintiff Has Failed to Establish Exceptional Circumstances to Justify Appointment of Counsel

"A plaintiff in a civil case has no constitutional right to counsel." Bass v. Perrin, 170 F.3d 1312, 1320 (11th Cir. 1999). The appointment of counsel under 28 U.S.C. § 1915 (e)(1) "is a privilege that is justified only by exceptional circumstances, such as where the facts and legal issues are so novel or complex as to require the assistance of a trained practitioner." Fowler v. Jones, 899 F.2d 1088, 1096 (11th Cir. 1990).  Such circumstances are not present here.  Plaintiff has failed to show how the challenges he has faced are any different from those that would be faced by any other *pro se* litigant.  Moreover, it is difficult to imagine how appointing counsel after the close of discovery would facilitate the orderly and expeditious disposition of this litigation.

### III. CONCLUSION

Plaintiff's Second Motion for Summary Judgment or in the Alternative for an Extension should be denied, as it suffers from the same procedural shortcomings as his First Motion for Summary Judgment.  The only difference is that Plaintiff had the benefit of the Court's instructions regarding the means for filing a proper motion for summary judgment.  (Doc. 12.)  Rather than incorporating the Court's guidance into Plaintiff's second Motion, Plaintiff disregarded the Court's directives and instead responded by insisting on being

excused from such requirements – the very conduct that formed (at least partially) the basis for Defendant's non-renewal decision.

WHEREFORE, Defendant prays that Plaintiff's Second Motion for Summary Judgment or in the Alternative for an Extension be DENIED and DISMISSED with prejudice.

This 27th day of November, 2013.

**HALL BOOTH SMITH, P.C.**

*/s/ Malcolm C. McArthur*
Malcolm C. McArthur
Georgia Bar No. 480750

*/s/ Andrea L. Jolliffe*
Andrea L. Jolliffe
Georgia Bar No.: 176556
***Attorneys for Defendant***

440 College Avenue, North
Suite 120
Athens, Georgia 30601
mmcarthur@hallboothsmith.com
ajolliffe@hallboothsmith.com

IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| JEROME HUTCHINS<br><br>Plaintiff,<br><br>v.<br><br>BIBB COUNTY SCHOOL SYSTEM,<br><br>Defendant. | Civil Action No.:<br><br>5:13-CV-72 |

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that I have served a copy of the above and foregoing **DEFENDANT'S BRIEF IN OPPOSITION TO PLAINTIFF'S SECOND MOTION FOR SUMMARY JUDGMENT OR IN THE ALTERNATIVE FOR AN EXTENSION** upon Plaintiff at below listed address via U.P.S., in a properly addressed envelope and via email:

>Jerome Hutchins
>2974 Forest Hill Road
>Apartment 22
>Macon, Georgia 31218
>Jhutchins2@yahoo.com

This 27th day of November, 2013.

        **HALL BOOTH SMITH, P.C.**

        */s/ Malcolm C. McArthur*
        Malcolm C. McArthur
        Georgia Bar No.: 480750
        *Attorneys for Defendant*

440 College Avenue, North
Suite 120
Athens, Georgia 30601
Phone: 706.316.0231
Fax: 706.316.0111
mmcarthur@hallboothsmith.com